QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  John B. Quinn (Bar No. 90378)
    johnquinn@quinnemanuel.com
  Steven Madison (Bar No. 101006)
    stevemadison@quinnemanuel.com
  John Potter (Bar No. 165843)
    johnpotter@quinnemanuel.com
  Ethan Glass (Bar No. 216159)
    ethanglass@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

SUSMAN GODFREY, LLP
  Neal Manne (Bar No. 94101)
    nmanne@susmangodfrey.com
  Amanda Bonn (Bar No. 270891)
    abonn@susmangodfrey.com
  Eliza Finley (Bar No. 301318)
    efinley@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Defendant Vitol Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| PIONEER FIRE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VITOL INC.; SK ENERGY AMERICAS, INC.; and SK TRADING INTERNATIONAL CO. LTD., <br><br> Defendants. | Case No.: 3:20-cv-04496 <br><br> **NOTICE OF REMOVAL BY DEFENDANT VITOL INC.** <br><br> [Removal from the Superior Court of the State of California, County of San Francisco, Case No. CGC20585018] <br><br> Action Filed: June 19, 2020 |

Case No. 3:20-cv-04496
VITOL INC'S NOTICE OF REMOVAL OF CIVIL ACTION

# NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1446, and 1453, defendant Vitol Inc. ("Vitol") files this notice removing this civil action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. All defendants named in the complaint have consented to this Notice of Removal.

## Removal Is Timely

1. On June 19, 2020, plaintiff Pioneer Fire, Inc. ("Pioneer Fire") filed its original complaint in this lawsuit in the Superior Court of the State of California for the County of San Francisco on behalf of itself and a proposed class of all entities in California that purchased regular or premium gasoline at retail gas stations in California between October 15, 2014 and December 31, 2016. The superior court action is captioned *Pioneer Fire. Inc. v. Vitol Inc., et al.*, Case No. CGC20585018, Superior Court of the State of California for the County of San Francisco (the "Action"). A true and correct copy of Pioneer Fire's complaint is attached as Exhibit A.

2. Pioneer Fire has not yet served a copy of its original complaint on defendant Vitol. Declaration of Amanda Bonn ("Bonn Decl.") ¶ 5.

3. Today, on July 7, 2020, defendant Vitol timely filed this notice of removal. *See* 28 U.S.C. § 1446(b)(1). Because defendant Vitol has not yet been served, the 30-day time period for removal has not yet begun to run. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *see also Novak v. Bank of N.Y. Mellon Trust Co., NA*, 783 F.3d 910, 914 (1st Cir. 2015) (holding that a defendant may remove a case before being served); *Manor v. United of Omaha Life Ins. Co.*, No. 19-cv-02360-RS, 2019 WL 3413386, at *2 (N.D. Cal. July 29, 2019) ("Section 1446 does not require a defendant to wait until formal service is complete to remove an action to federal court.").

4. Venue is proper in this district because the United States District Court for the Northern District of California is the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal Is Proper Under 28 U.S.C. § 1441

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has jurisdiction over this Action under 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act" or "CAFA"). Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . . or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." These statutory elements are satisfied here.

7. First, this case is a "class action" within the meaning of 28 U.S.C. § 1332(d)(2). This case is brought pursuant to California Code of Civil Procedure section 382 and California Civil Code section 1781, which are "similar State statute[s] or rule[s] of judicial procedure [to Fed. R. Civ. P. 23] authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" for purposes of 28 U.S.C. § 1332(d)).

8. Second, there are at least one hundred members of the proposed class. *See* 28 U.S.C. § 1332(d)(5)(B) ("Paragraphs (2) through (4) shall not apply to any class action in which— . . . (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100."). The amended complaint estimates the size of the proposed class in this Action as "tens of thousands" of class members. Ex. A at ¶ 100.

9. Third, the amount in controversy exceeds $5,000,000. The complaint seeks damages "due to inflated prices for retail Regular and Premium gasoline as a result of Defendants' wrongful conduct" for "tens of thousands" of business entities between October 2014 and December 2016. Ex. A at ¶¶ 100, 102. The complaint further alleges that a purported "mystery

1  surcharge" to the price of gas cost Californians $15 billion from 2015 through 2018, *id.* at ¶ 80, and
2  that a "substantial portion" of the allegedly "millions of dollars in profits each month" generated
3  by Defendants' California trading "are traceable to Defendants' illicit scheme," *id.* at ¶ 81. The
4  complaint also seeks treble damages under California's Cartwright Act, Cal. Bus. & Prof. Code §§
5  16720 *et seq. Id.* at ¶ 116.

6      10.    Finally, there is minimal diversity. *See* 28 U.S.C. § 1332(d)(2). Plaintiff Pioneer
7  Fire is "a citizen of a State different from any defendant," because Pioneer Fire is a citizen of
8  California and defendant Vitol is a citizen of Delaware (where it is incorporated) and Texas (the
9  location of its principal place of business). 28 U.S.C. § 1332(d)(2)(A). Additionally, plaintiff
10 Pioneer Fire "is a citizen of a State" and defendant SK Trading International Co., Ltd., a Korean
11 corporation, is "a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C).

12 Consent

13     11.    All defendants named in the complaint have consented to removal of the action.
14 Bonn Decl. ¶ 6.[1]

15 No Exceptions to CAFA Apply

16     12.    Plaintiff Pioneer Fire bears the burden of showing that an exception to CAFA
17 applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 2019 (9th Cir. 2007) ("The structure of
18 the statute and the long-standing rule on proof of removal dictate that the party seeking remand
19 bears the burden of proof as to any exception under CAFA."). It cannot carry that burden here.
20 None of the exceptions to jurisdiction under CAFA applies in this case.

21     13.    First, the "local controversy" exception to CAFA does not apply to this Action. *See*
22 28 U.S.C. § 1332(d)(4)(A). One of the elements required for the application of the local
23 controversy exception is that "during the 3-year period preceding the filing of that class action, no
24 other class action has been filed asserting the same or similar factual allegations against any of the

---

[1] Defendant Vitol may nonetheless remove this action without the consent of the other defendants and even though certain other defendants are citizens of California. *See* 28. U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.").

defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(A)(ii).  Plaintiff cannot satisfy this exception because the following class actions, which have been consolidated as *In re California Gasoline Spot Market Antitrust Litigation*, No. 3:20-cv-03131, assert the same or similar factual allegations against the same defendants:

- *Pacific Wine Distributors, Inc. et al. v. Vitol Inc. et al.*, No. 20-cv-03131 (N.D. Cal., filed May 6, 2020) ("*Pacific Wine*");
- *Fricke-Parks Press, Inc. et al v. SK Energy Americas, Inc. et al.*, No. 3:20-cv-03148 (N.D. Cal., filed May 7, 2020);
- *Hudson, et al., v. Vitol, Inc. et al.*, No. 3:20-cv-3217 (N.D. Cal., filed May 11, 2020);
- *Johnston v. Vitol, Inc. et al.*, No. 3:20-cv-3238 (N.D. Cal., filed May 12, 2020);
- *Bogard Construction, Inc. v. Vitol Inc. et al.*, No. 3:20-cv-03267 (N.D. Cal., filed May 13, 2020);
- *Kravitz et al. v. SK Energy Americas, Inc. et al.*, No. 3:20-cv-03427 (N.D. Cal., filed May 20, 2020);
- *Accurate Testing & Inspection, LLC v. SK Energy Americas Inc. et al.*, No. 3:20-cv-03483 (N.D. Cal., filed May 22, 2020);
- *BB&B Business Group et al. v. Vitol Inc., et al.*, No. 3:20-cv-03535 (N.D. Cal., filed May 26, 2020);
- *Richardson v. SK Energy Americas, Inc. et al.*, No. 3:20-cv-03678 (N.D. Cal., filed June 3, 2020);
- *Gennaro v. Vitol, Inc. et al.*, No. 3:20-cv-03705 (N.D. Cal., filed June 4, 2020);
- *Kolesnikow v. SK Energy Americas, Inc. et al.*, No. 4:20-cv-04101 (N.D. Cal., filed June 19, 2020);
- *Enriquez v. SK Energy Americas, Inc. et al.*, No. 3:20-cv-04122 (N.D. Cal., filed June 22, 2020);
- *Carpe Carma, LLC v. SK Energy Americas, Inc. et al.*, No. 5:20-cv-04138 (N.D.

Cal, transferred June 23, 2020);

- *Poe Valley LLC v. SK Energy Americas, Inc. et al.*, No. 3:20-cv-04228 (N.D. Cal., filed June 25, 2020);

- *Harris v. SK Energy Americas, Inc. et al.*, No. 5:20-cv-04293 (N.D. Cal., filed June 29, 2020); and

- *Kelly v. Vitol Inc. et al.*, No. 3:20-cv-04339 (N.D. Cal., filed June 29, 2020).

14.     These cases all allege the same essential set of facts and challenge the same conduct. For example, the amended complaint in *Pacific Wine* alleges that defendant Vitol conspired with defendants SK Trading International Co. Ltd. ("SK International") and SK Energy Americas, Inc. ("SK Energy") to trade at inflated values to increase the benchmark price for gasoline during strategic pricing windows, which allegedly increased the price of retail gasoline in California. Amended Complaint at ¶¶ 82, 97, 98, *Pacific Wine Distributors, Inc. et al. v. Vitol Inc. et al.*, No. 20-cv-03131 (N.D. Cal. June 2, 2020) ("*Pacific Wine* Amended Complaint").  In this Action, Pioneer Fire alleges the same defendants conspired to "trade[] gasoline between themselves at artificially high prices and report[] those deals to the industry's benchmark pricing services" which allowed them "to reap outsized profits on long-term contracts that were based on the benchmark price and raised prices throughout California's gasoline market at both the wholesale and retail levels." Ex. A at ¶¶ 1–2. *Pacific Wine* asserts those similar factual allegations on behalf of a proposed class defined as: "All persons or entities who purchased gasoline from a retailer within the State of California from February 18, 2015 until the adverse effects of Defendants' anticompetitive conduct ceased." *Pacific Wine* Amended Complaint at ¶ 33.  This Action asserts allegations on behalf of business entities who purchased gasoline at retail gas stations between October 15, 2014 and December 31, 2016.  Ex. A at ¶ 98.  Setting aside minor differences in the two alleged class periods, *Pacific Wine*'s proposed class encompasses the proposed class in this action.

15.     Second, the "home state" exception to CAFA also does not apply. *See* 28 U.S.C. § 1332(d)(4)(B). The home state exception to CAFA applies only when "two-thirds or more of the

members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.*  That exception does not apply here because at least one of the primary defendants is not a "citizen[] of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  Specifically, defendant Vitol is a citizen of Delaware and Texas.  *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) ("[W]e agree that by using the word 'the' before the words 'primary defendant' rather than the word 'a,' [CAFA] requires remand under the home state exception only if all primary defendants are citizens of the alleged home state.") (internal quotation marks and citation omitted).

16. Finally, CAFA's discretionary exception in 28 U.S.C. § 1332(d)(3) also does not apply in this case. Like the home state exception, § 1332(d)(3) applies only when "the primary defendants are citizens of the State in which the action was originally filed."  That is not the case here – as noted above, Vitol is not a citizen of California.  Because not all primary defendants are citizens of California, § 1332(d)(3) is not applicable. *See Singh*, 925 F.3d at 1068.

### Removal Papers

17. In accordance with 28 U.S.C. § 1446(a), defendant Vitol attaches copies of all process, pleadings, and orders from the state-court action being removed to this Court that defendant Vitol has been able to obtain from the Superior Court:

| Exhibit | Description |
|---------|-------------|
| Ex. A   | Original Complaint and Civil Case Cover Sheet |
| Ex. B   | Notice to Plaintiff re. Case Management Conference |

18. In accordance with Local Rule 3-15, defendant Vitol is also filing a corporate disclosure statement.

### Notification to the State Court

19. Defendant Vitol is providing notice of removal of this action to the Superior Court of the State of California for the County of San Francisco.

<u>Reservation of Rights</u>

In filing or consenting to this Notice of Removal, defendants do not waive, and expressly preserve, any right, defense, affirmative defense, or objection, including, without limitation, personal jurisdiction, insufficient process, and/or insufficient service of process. *See Maplebrook Townhomes LLC v. Greenbank*, No. 10-CV-03688-LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010) ("removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction").

Dated: July 7, 2020

By: /s/ *Amanda Bonn*
    Amanda Bonn

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 90378)
  johnquinn@quinnemanuel.com
  Steven Madison (Bar No. 101006)
  stevemadison@quinnemanuel.com
  John Potter (Bar No. 165843)
  johnpotter@quinnemanuel.com
  Ethan Glass (Bar No. 216159)
  ethanglass@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

SUSMAN GODFREY, LLP
  Neal Manne (Bar No. 94101)
  nmanne@susmangodfrey.com
  Amanda Bonn (Bar No. 270891)
  abonn@susmangodfrey.com
  Eliza Finley (Bar No. 301318)
  efinley@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

  Alex Kaplan (*pro hac vice* forthcoming)
  akaplan@susmangodfrey.com
  Michael Kelso (*pro hac vice* forthcoming)
  mkelso@susmangodfrey.com
1000 Louisiana, Suite 5100
Houston, TX 77002-5096

Phone (713) 651-9366
*Attorneys for Defendant Vitol Inc.*